**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| NAUTILUS HYOSUNG INC., <br><br> Plaintiff, <br><br> v. <br><br> DIEBOLD, INCORPORATED AND DIEBOLD SELF-SERVICE SYSTEMS, <br><br> Defendants. | Civil Action No. 3:16-cv-364 <br><br> Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Nautilus Hyosung Inc. for their complaint allege as follows:

**THE PARTIES**

1.      Plaintiff Nautilus Hyosung Inc. ("NHS") is a corporation organized under the laws of

South Korea, having a principal place of business at 281 Gwangpyeong-ro, Gangnam-Gu, Seoul,

South Korea.  NHS is a global technology company that is a leader in the design, development,

manufacture and support of a wide range of self-service banking solutions including ATMs and

modules thereof.

2.      On information and belief, Defendant Diebold, Incorporated is an Ohio corporation

having a principal place of business at 5995 Mayfair Road, North Canton, OH 44720.  According to

its website (www.diebold.com), Diebold, Incorporated offers a broad range of ATMs, ATM

modules, and components thereof, including but not limited to the Enhanced Note Acceptor

("ENA") module, the ActivMedia module, the ActivRecycle module, the ActivCash module, and

ATMs containing the same.  On information and belief, Diebold ATMs incorporate OEM modules

manufactured by Wincor Nixdorf AG in Germany, including Cash/Check Deposit Module ("CCDM").

3.      On information and belief, Defendant Diebold Self-Service Systems is a New York general partnership having a principal place of business at 5995 Mayfair Road, North Canton, OH 44720.  On information and belief, Diebold Self-Service System is a wholly-owned subsidiary of Diebold, Incorporated.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and thus this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over each Defendant for at least the following reasons:  (i) each Defendant has committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this District and continues to do so; (ii) each Defendant regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in this District and in this State; and (iii) each Defendant has purposefully established substantial, systematic and continuous contacts with this District and expects or should reasonably expect to be subjected to this Court's jurisdiction.

6.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because Defendants are subject to personal jurisdiction in this District and have committed acts of patent infringement in this District.  Moreover, Nautilus Hyosung America Inc. ("NHA")—a wholly-owned subsidiary of Nautilus Hyosung Inc.—has its principal place of business in this district.

**GENERAL ALLEGATIONS**

7.      For more than thirty years since its founding in 1979, Nautilus Hyosung has been known as a total financial solutions provider in the market.  In particular, it has designed, developed, manufactured and supported a wide range of self-service banking solutions, including automatic teller machines ("ATMs") and modules and components thereof.  Nautilus Hyosung retains numerous intellectual property rights covering hardware, software, and mechatronics technologies relating to financial automation solutions.

8.      Among Nautilus Hyosung's innovative ATM technologies are enhanced deposit automation, efficient cash handling, and simplified paper media transport.  Nautilus Hyosung's ATM modules that implement its enhanced deposit technology include, but are not limited to, the Cash and Check in Module ("CCiM") that is capable of accepting cash and checks in a bundle together and the Bulk Note Acceptor ("BNA") that allows for a deposit of bulk notes.  Nautilus Hyosung's ATMs that implement its efficient cash handling technology include, but are not limited to, the Bill Recycling Machine ("BRM") that is capable of reusing deposited cash for dispensing and the Cash Dispenser Unit ("CDM") that is capable of dispensing cash for use.  As a result of these innovations, Nautilus Hyosung's ATMs have enjoyed success in the global marketplace.

9.      Plaintiff NHS owns all rights, titles, and interests in and to United States Patent Nos. 7,891,551 ("the '551 Patent"), 7,950,655 ("the '655 Patent"); 8,152,165 ("the '165 Patent"), and 8,523,235 ("the '235 Patent") (collectively "the Asserted Patents").  The '551, '655, '165, and '235 Patents are valid and enforceable.

10.     The Asserted Patents relate generally to various aspects of an automated teller machine, and in particular are directed to features that improve the capability of detecting abnormal paper media, prevent user injuries while resolving a paper jam, enhance the deposit automation

3

experience for users and financial institutions, and/or simplify paper media transport.

11.     Defendants directly infringe at least claims 1, 2, 3, and 5 of the '551 Patent; at least claims 1 and 6 of the '655 Patent; at least claims 1-4, 6, and 7 of the '165 Patent; and at least claims 1, 2, 3, 6, 8, and 9 of the '235 Patent (collectively "the Asserted Claims"), by acting without authority to make, have made, use, offer to sell, sell within the United States, or import into the United States, Diebold's or Wincor Nixdorf's ATMs, ATM modules and components thereof, and products containing the same, including but not limited to Diebold's ActivMedia module, ActivCash module, ActivRecycle module, ENA module, other cash handling modules, and cassettes thereof, and Wincor Nixdorf's CCDM module, and Diebold's or Wincor Nixdorf's ATMs containing the same (collectively "the Accused Products").

12.     Defendants also induce, and continue to induce, infringement of the Asserted Patents with the specific intent that these acts infringe the Asserted Patents.  On information and belief, Defendants actively induce others to infringe one or more of the Asserted Claims through their sale of the Accused Products to customers in the United States.  Defendants encourage and facilitate the infringement of the Asserted Patents by offering and distributing directions, demonstrations, guides, manuals, training for use, and other materials with the Accused Products that encourage the infringing use of the Accused Products.

13.     Defendants induced such infringing acts and knew or should have known that their actions would induce actual infringement of the Asserted Patents.  Upon information and belief, Defendants had actual notice of the Asserted Patents no later than February 9, 2016 when Nautilus Hyosung provided Defendants with copies of the Asserted Patents and provided claim charts for each of the Asserted Patents explaining how Defendants infringed and/or induced their customers and users to infringe the Asserted Patents.

14.     Defendants also contributorily infringe certain Asserted Claims through their sale and offers to sell within the United States and/or import into the United States components of the Accused Products, constituting a material part of the Asserted Claims, knowing the same to be especially made or especially adapted for use in an infringement of the Asserted Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  For example, on information and belief, the Accused Products and/or components thereof are specifically designed for automated banking transactions such as a deposit or withdrawal of paper money.  Due to their specific designs, the Accused Products and/or components thereof do not have any substantial non-infringing uses.

15.     Defendants sell the Accused Products with the knowledge that the devices infringe. Upon information and belief, Defendants had actual notice of the Asserted Patents no later than February 9, 2016 when Nautilus Hyosung provided Respondents with copies of the Asserted Patents and provided claim charts for each of the Asserted Patents explaining how Defendants infringed and/or induced their customers and users to infringe the Asserted Patents.

**FIRST CLAIM FOR RELIEF**
**Infringement of U.S. Patent No. 7,891,551**

16.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 16 above as if specifically set forth herein.

17.     The '551 Patent is entitled "Two-stage Lock Structure of Automatic Teller Machine" and duly and legally issued on February 22, 2011.  The '551 Patent issued from U.S. Patent Application Serial No. 11/747,522, filed May 11, 2007.  The inventors of the '551 Patent are Jin Hwan Cha and Sung Chang Hur.  A true and correct copy of the '551 Patent is attached to this Complaint as Exhibit A.

18.     Plaintiff NHS is the owner, by valid assignment, of the entire right, title and interest

in and to the '551 Patent.  This assignment is recorded at the United States Patent and Trademark Office at Reel/Frame 019290/0588.  The '551 Patent is valid, enforceable, and is currently in full force and effect.

19.     Defendants have directly infringed at least claims 1, 2, 3, and 5 of the '551 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. §271.  The infringing products include, but are not limited to, Diebold's ATMs including Opteva 720, Opteva 740, Opteva 750, Opteva 760, and other models containing Diebold's ENA module.  The infringement remains ongoing.

20.     In addition to its direct infringement, Defendants have been and are now indirectly infringing by way of inducing infringement and/or contributing to the infringement of one or more claims of the '551 Patent.

21.     As a consequence of the Diebold Defendants' infringement, Plaintiff is entitled to recover damages adequate to compensate it for the injuries complained of therein, but in no event less than a reasonable royalty.

22.     On information and belief, Defendants' infringement is willful, deliberate, and intentional because they have had actual and/or constructive knowledge of the '551 Patent before the filing of this Complaint, and they have no good faith belief in non-infringement.

## SECOND CLAIM FOR RELIEF
### Infringement of U.S. Patent No. 7,950,655

23.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 16 above as if specifically set forth herein.

24.     The '655 Patent is entitled "Apparatus and Method for Controlling Various Kinds of Paper Media with Skew Sensing" and duly and legally issued on May 31, 2011.  The '655 Patent issued from U.S. Patent Application Serial No. 11/965,987, filed December 28, 2007.  The inventors

of the '655 Patent are Chang Ho Park and Jin Yong Hwang. A true and correct copy of the '655 Patent is attached to this Complaint as Exhibit B.

25. Plaintiff NHS is the owner, by valid assignment, of the entire right, title and interest in and to the '655 Patent. This assignment is recorded at the United States Patent and Trademark Office at Reel/Frame 020316/0299. The '655 Patent is valid, enforceable, and is currently in full force and effect.

26. Defendants have directly infringed at least claims 1 and 6 of the '655 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. §271. The infringing products include, but are not limited to, Diebold's or Wincor Nixdorf's ATMs including Diebold 3550, Diebold 3700, Diebold 7700, Diebold 7750, Diebold 7780, Diebold 7790, Diebold 9900, Opteva 328, Opteva 368, Opteva 378, Opteva 828, Opteva 868, and other models containing Diebold's ActivMedia module or ActivRecycle module, or Wincor Nixdorf's CCDM module, or other cash recycling modules. The infringement remains ongoing.

27. In addition to its direct infringement, Defendants have been and are now indirectly infringing by way of inducing infringement and/or contributing to the infringement of one or more claims of the '655 Patent.

28. As a consequence of Defendants' infringement, Plaintiff is entitled to recover damages adequate to compensate it for the injuries complained of therein, but in no event less than a reasonable royalty.

29. On information and belief, Defendants' infringement is willful, deliberate, and intentional because they have had actual and/or constructive knowledge of the '655 Patent before the filing of this Complaint, and they have no good faith belief in non-infringement.

## THIRD CLAIM FOR RELIEF
### Infringement of U.S. Patent No. 8,152,165

30. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 16 above as if specifically set forth herein.

31. The '165 Patent is entitled "Apparatus for Transferring Paper Media and Automatic Teller Machine Having the Same" and duly and legally issued on April 10, 2012. The '165 Patent issued from U.S. Patent Application Serial No. 12/747,879, filed on December 12, 2008. The inventors of the '165 Patent are Jin Hwan Cha, Won Joon Lee, Young Il Choi. A true and correct copy of the '165 Patent is attached to this Complaint as Exhibit C.

32. Plaintiff NHS is the owner, by valid assignment, of the entire right, title and interest in and to the '165 Patent. This assignment is recorded at the United States Patent and Trademark Office at Reel/Frame 024575/0468. The '165 Patent is valid, enforceable, and is currently in full force and effect.

33. Defendants have directly infringed at least claims 1-4, 6, and 5 of the '165 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. §271. The infringing products include, but are not limited to, Diebold's ATMs including Diebold 2330, Diebold 3700, Diebold 9900, Opteva 328, Opteva 368, Opteva 378, Opteva 828, Opteva 868, and other models containing Diebold's ActivRecycle module, ActivCash module, or other cash handling modules. The infringement remains ongoing.

34. In addition to its direct infringement, Defendants have been and are now indirectly infringing by way of inducing infringement and/or contributing to the infringement of one or more claims of the '165 Patent.

35. As a consequence of Defendants' infringement, Plaintiff is entitled to recover damages adequate to compensate it for the injuries complained of therein, but in no event less than a

reasonable royalty.

36.     On information and belief, Defendants' infringement is willful, deliberate, and intentional because they have had actual and/or constructive knowledge of the '165 Patent before the filing of this Complaint, and they have no good faith belief in non-infringement.

## FOURTH CLAIM FOR RELIEF
### Infringement of U.S. Patent No. 8,523,235

37.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 16 above as if specifically set forth herein.

38.     The '235 Patent is entitled "Cash and Cheque Automatic Depositing Apparatus" and duly and legally issued on September 3, 2013.  The '235 Patent issued from U.S. Patent Application Serial No. 11/588,357, filed on October 27, 2006.  The inventors of the '235 Patent are Jae Hoon Kwak and Woo Ho Lee.  A true and correct copy of the '235 Patent is attached to this Complaint as Exhibit D.

39.     Plaintiff NHS is the owner, by valid assignment, of the entire right, title and interest in and to the '235 Patent.  This assignment is recorded at the United States Patent and Trademark Office at Reel/Frame 018483/0680.  The '235 Patent is valid, enforceable, and is currently in full force and effect.

40.     Defendants have directly infringed at least claims 1, 2, 3, 6, 8, and 9 of the '235 Patent, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. §271.  The infringing products include, but are not limited to, Diebold's or Wincor Nixdorf's ATMs including Diebold 7700, Diebold 7750, Diebold 7780, Diebold 7790, Diebold 9900, and other models containing Diebold's ActivMedia module, Wincor Nixdorf's CCDM module, or other cash and check depositing modules.  The infringement remains ongoing.

41.     In addition to its direct infringement, Defendants have been and are now indirectly

9

infringing by way of inducing infringement and/or contributing to the infringement of one or more claims of the '235 Patent.

42.     As a consequence of Defendants' infringement, Plaintiff is entitled to recover damages adequate to compensate it for the injuries complained of therein, but in no event less than a reasonable royalty.

43.     On information and belief, Defendants' infringement is willful, deliberate, and intentional because they have had actual and/or constructive knowledge of the '235 Patent before the filing of this Complaint, and they have no good faith belief in non-infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor against Defendants and issue an order that includes:

A.     Enter judgment that Defendants have infringed one or more claims of the '551, '655, '165, and '235 patents;

B.     Enter judgment that Defendants' infringement of the patents-in-suit has been willful, deliberate, and intentional;

C.     Enter an order, pursuant to 35 U.S.C. § 284, awarding to Plaintiff damages adequate to compensate for Defendants' infringement of the Asserted Patents in an amount to be determined at trial, but not less than a reasonable royalty;

D.     Enter an order, pursuant to 35 U.S.C. § 284, trebling damages awarded to Plaintiff to the extent Defendants' infringement of the patents-in-suit is determined to have been willful;

E.     Enter an order, pursuant to 35 U.S.C. § 285, deeming this to be an "exceptional case" and thereby awarding to Plaintiff its reasonable attorneys' fees, costs, and expenses;

F.      Enter an order that Defendants account for and pay to Plaintiff the damages to which Plaintiff is entitled as a consequence of the infringement, including any damages not covered by the jury verdict;

G.      Enter an order awarding to Plaintiff pre- and post-judgment interest at the maximum allowable rates allowable under the law; and

H.      A permanent injunction enjoining Defendants, their officers agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, from infringing in any manner the patents-in-suit;

I.      Enter an order awarding to Plaintiff such other and further relief, whether at law or in equity, that this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.


Dated:  February 9, 2016                    Respectfully submitted,

                                            By: */s/ Thomas H. Reger II*
                                            Thomas H. Reger II
                                            Texas Bar No. 24032992
                                            reger@fr.com
                                            Jane Du
                                            Texas Bar No. 24076355
                                            du@fr.com
                                            **FISH & RICHARDSON P.C.**
                                            1717 Main Street, Suite 5000
                                            Dallas, Texas 75201
                                            Telephone: (214) 747-5070
                                            Facsimile: (214) 747-2091

                                            Attorneys for Plaintiff
                                            Nautilus Hyosung Inc.


11