IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HYOSUNG TNS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-0364-N |
| | § | |
| DIEBOLD NIXDORF, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant Diebold Nixdorf, Inc.'s ("Diebold") motion to dismiss under Rule 12(b)(6) [47] and Plaintiff Hyosung TNS, Inc's ("Hyosung") motion to continue mediation [64]. For the reasons below, the Court denies Diebold's motion to dismiss and orders the parties to mediate by January 31, 2020.

**I. THE PATENT INFRINGEMENT DISPUTE**

This is a patent dispute between two manufacturers and sellers of automated teller machines ("ATMs") and ATM components and modules. Am. Compl. 1, 3 [45]. In February 2016, Hyosung filed both this patent suit and a complaint with the International Trade Commission ("ITC"), alleging Diebold infringed four Hyosung patents. Brief Support Mot. Dismiss 4–5 [48]; Compl. 3 [1]. Hyosung's patent number 8,523,235 ('235 patent), now the sole asserted patent in this suit, claims an ATM feature enabling deposits of bundles of checks using an element — a "cheque standby unit" — that holds each check pending customer verification prior to deposit. Brief Support Mot. Dismiss 2–3 [48].

ORDER – PAGE 1

The Court stayed this case during the pendency of the ITC action. *Id.* at 5. In that proceeding, the administrative law judge found that the term "cheque standby unit" in Hyosung's '235 patent was sufficiently definite and that Diebold infringed six of its claims. Pltf.'s Resp. Mot. Dismiss 3 [54]. The ITC affirmed, but the Federal Circuit reversed, holding that the term "cheque standby unit" was invalid as indefinite under 35 U.S.C. § 112(f) because the term indicated a function and because the patent specification did not recite corresponding structure. *Id.* at 3–4. Following the Federal Circuit decision, this Court lifted the stay in this action in March 2019, and Hyosung filed an amended complaint alleging infringement of only the '235 patent. *Id.* at 4. Diebold then filed its motion to dismiss, and Hyosung filed its motion to compel mediation.

## II. LEGAL STANDARDS

### A. *Rule 12(b)(6) Motion to Dismiss*

When addressing a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."

*Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

### B. Patent Infringement and Patent Invalidity

A party claiming direct infringement of its patent must show that the accused party "makes, uses, offers to sell, or sells any patented invention, within the United States . . . during the term of the patent." 35 U.S.C. § 271(a). The complaint must "place the alleged infringer on notice of what activity . . . is being accused of infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal quotations omitted).

A patent claim is invalid as indefinite if it "fail[s] to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014). Claims that recite "a means or step for performing a specified function" are governed by 35 U.S.C. § 112(f) and are definite if the patent specification discloses a corresponding structure capable of performing the function. 35 U.S.C. § 112(f); *Diebold Nixdorf, Inc. v. Int'l Trade Comm'n*, 899 F.3d 1291, 1303 (Fed. Cir. 2018). To determine whether a patent claim is indefinite, courts generally must engage in claim construction, which often involves reviewing evidence and making factual findings. *See Cox Commc'ns, Inc. v. Sprint Commc'n Co.*, 838 F.3d 1224, 1232 (Fed. Cir. 2016); *H-W Tech., L.C. v. Apple, Inc.*, 2012 WL 959316, at *3 (N.D. Tex. 2012). The party challenging a patent's validity bears the burden of proving indefiniteness. *Dow Chem. Co. v. Nova Chems. Corp. (Can.)*, 809 F.3d 1223, 1224 (Fed. Cir. 2015).

ORDER – PAGE 3

### III. HYOSUNG HAS STATED A CLAIM FOR PATENT INFRINGEMENT

In its Rule 12(b)(6) motion, Diebold's primary argument is that the Federal Circuit opinion holding Hyosung's '235 patent invalid as indefinite, while not preclusive, requires dismissal because patent validity determinations are legal conclusions that may not be disregarded without "thoroughly justified grounds." *See Tex. Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996); *see also Diebold Nixdorf, Inc.*, 899 F.3d at 1294, 1299. While Diebold is correct in noting that Federal Circuit legal interpretations are binding precedent, the Court disagrees that the *Diebold* decision requires Rule 12(b)(6) dismissal here.

In *Diebold*, the Federal Circuit acknowledged that trial courts "interpret patent claims" and arrive at legal conclusions "*after* deciding factual disputes." *Diebold Nixdorf, Inc.*, 899 F.3d at 1299 (emphasis added). Further, the Federal Circuit expressly noted evidence, not presented at the time, that could warrant a different determination on the issue of the '235 patent's validity. *Id.* at 1300 n.4; *see also Tex. Instruments, Inc.*, 90 F.3d at 1562–63, 1570 (affirming district court finding of noninfringement even though the Federal Circuit had affirmed a prior ITC finding of infringement).

The Court finds that there may be evidence not presented on the ITC record considered by the Federal Circuit that could merit a different claim construction and a different conclusion regarding the validity of the '235 patent. But this is a fact issue that cannot be resolved on the pleadings. Consequently, raising the Federal Circuit's decision to dispose of this case at the Rule 12(b)(6) stage is unavailing when, as here, Hyosung has adequately pled a claim for patent infringement and the validity of the '235 patent cannot

ORDER – PAGE 4

be determined without resolution of disputed facts. The Court thus denies Diebold's motion to dismiss.

### IV. THE COURT ORDERS THE PARTIES TO MEDIATE

The Court extends the deadline for the parties to mediate until January 31, 2020, but places no requirement on Diebold to disclose the contested financial information.

### CONCLUSION

Because there is a fact issue as to the '235 patent's validity, the Court declines Diebold's motion to dismiss. The Court orders the parties to mediate by January 31, 2020.

Signed December 5, 2019.

_____
David C. Godbey
United States District Judge